Ross C. Goodman, Esq.
Nevada Bar No. 7722
GOODMAN LAW GROUP
520 S. Fourth Street, Second Floor
Las Vegas, NV 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM B. SCOTT, individually and as Administrator of the ESTATE OF ERIK B. SCOTT; LINDA G. SCOTT; and KEVIN W. SCOTT,<br><br>Plaintiffs,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; DOUGLAS C. GILLESPIE, individually and in his official capacity as Sheriff of Clark County; Las Vegas Metropolitan Police Department Officers WILLIAM MOSHER, JOSHUA STARK, and THOMAS MENDIOLA, individually and in their official capacities as police officers employed by the Las Vegas Metropolitan Police Department; CLARK COUNTY, NEVADA; COSTCO WHOLESALE CORPORATION; SHAI LIERLY, DOES 1-10; and ROE ENTITIES 11-20, inclusive,<br><br>Defendants. | Case No.:<br><br>Dept. No.:<br><br>**COMPLAINT**<br><br>And<br><br>**JURY DEMAND** |

Plaintiffs, WILLIAM B. SCOTT, individually and as Administrator of the ESTATE OF ERIK B. SCOTT, LINDA G. SCOTT and KEVIN W. SCOTT, for their Complaint against Defendants, and each of them, hereby demand a Jury Trial (FRCP 38) and jointly and severally, allege as follows:

- 1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction in this suit because this action arises under the following federal statutes: 28 U.S.C.A. § 1331, §1343 and 42 U.S.C. § 1983. Plaintiffs also invoke supplemental jurisdiction pursuant to 28 U.S.C.A §1367.

2. This Court has personal jurisdiction over the above-captioned Defendants as all activities described herein took place in the State of Nevada. Additionally, the Defendants are either governmental subdivisions organized under the laws of the State of Nevada, or they reside in Nevada.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2) and §1391(e)(2) due to the fact that claims arose in this district.

## PARTIES AND GENERAL ALLEGATIONS

1. Plaintiffs WILLIAM B. SCOTT and LINDA G. SCOTT, are the father and mother, and heirs at law, of Erik B. Scott, deceased.

2. Plaintiff WILLIAM B. SCOTT is the Administrator of the ESTATE OF ERIK B. SCOTT.

3. Plaintiff KEVIN SCOTT is the brother and heir at law of Erik B. Scott, deceased.

4. Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT ("METRO") is an entity subject to suit and is the merged police department for, and an agency and agent of, Defendant CLARK COUNTY, NEVADA.

5. Defendant DOUGLAS C. GILLESPIE is and was at all times described in this Complaint, Sheriff of Clark County and the chief commanding officer of the Las Vegas Metropolitan Police Department. He was and is the commanding officer of the Defendant

police officers in this matter and was responsible for the training, supervision, and conduct of Defendant police officers. He is sued individually and in his official capacity.

6. Defendants WILLIAM MOSHER, JOSHUA STARK, and THOMAS MENDIOLA are and were at all times relevant to the allegations contained in this complaint duly appointed police officers with the LAS VEGAS METROPOLITAN POLICE DEPARTMENT and were acting within the nature and scope of Defendant police officers' duties as members of the LAS VEGAS METROPOLITAN POLICE DEPARTMENT. Defendant police officers are sued individually and in their official capacities as police officers employed by the LAS VEGAS METROPOLITAN POLICE DEPARTMENT.

7. Defendant CLARK COUNTY, NEVADA, is a political subdivision of the State of Nevada.

8. Defendant COSTCO WHOLESALE CORPORATION ("COSTCO") is a corporation with a place of business, and doing business, within Clark County, Nevada.

9. Defendant SHAI LIERLEY was and is at all times relevant to the allegations contained in this complaint, a resident of Clark County, Nevada and employed by COSTCO WHOLESALE CORPORATION as a Security Guard. At all relevant times Defendant SHAI LIERLEY was acting in the course and scope of his employment by Defendant COSTCO WHOLESALE CORPORATION

10. The true names and/or capacities of Defendants DOES 1-10 and ROE ENTITIES 11-20, are unknown to Plaintiffs, who therefore sue said Defendants, and each of them, by such fictitious names. On information and belief, each of the Defendants so designated are responsible in some manner for the events and happenings referred to, and caused damages to the Plaintiffs as alleged herein, and Plaintiffs will ask leave of this Court to amend this

Complaint to insert the true names and capacities of such DOE and ROE Defendants, when same have been ascertained, together with appropriate charging allegations, and to join such parties in this action.

11. On information and belief, on July 10, 2010, Plaintiffs' decedent, Erik B. Scott ("Erik") was a customer in a store owned and operated by Defendant COSTCO in Clark County.

12. On information and belief, while in the store, Erik did not engage in any disorderly conduct or any conduct which would indicate he posed a threat to the safety of any person or persons.

13. On information and belief, one or more employees of Defendant COSTCO, including but not limited to SHAI LIERLEY, falsely reported that Erik did pose a threat to the safety of other persons.

14. On information and belief, one or more employees of Defendant COSTCO, including but not limited to SHAI LIERLEY, then directed a store-wide evacuation.

15. On information and belief, one or more employees of Defendant COSTCO, including but not limited to SHAI LIERLEY, contacted Defendant METRO and falsely reported that Erik posed a threat to the safety of other persons.

16. On information and belief, upon the arrival of one or more of the Defendant police officers, one or more of the COSTCO employees, including but not limited to SHAI LIERLEY, actively assisted and participated in the officers' apprehension and death of Erik.

17. The above-alleged acts of Defendant COSTCO and its employees, including but not limited to SHAI LIERLEY, created a hazardous condition which resulted in the apprehension and death of Erik B. Scott.

18. On information and belief, the Defendant police officers confronted Erik with their weapons drawn.

19. On information and belief, upon and while being confronted by the Defendant officers, Erik did not engage in any conduct which would indicate he posed a threat to the safety of the officers or any other person.

19. On information and belief, the Defendant officers, WILLIAM MOSHER, JOSHUA STARK, and THOMAS MENDIOLA, shot Erik multiple times.

20. On information and belief, while in a position to do so, none of the three Defendant officers took any action to prevent, stop, or otherwise intercede in the multiple shootings of Erik B. Scott.

21. On information and belief, Erik consciously experienced pain and suffering after being shot and later died from said gunshot wounds.

22. On information and belief, the acts of Defendant COSTCO and its employees in actively assisting and participating in the officers' apprehension of Erik and the relevant acts of all of the other Defendants were done under color of law.

23. At all relevant times, the acts and conduct of the Defendant police officers were done within the course and scope of their employment as employees and/or agents of Defendants METRO and CLARK COUNTY.

24. As a result of the wrongful acts of Defendants, Plaintiffs have suffered general and special damages.

25. On information and belief, the acts of Defendants were done with oppression, fraud and/or or malice, in conscious disregard of and with deliberate indifference to the rights of Erik B. Scott, entitling Plaintiff to an award of punitive damages.

26. On information and belief, the wrongful acts of Defendant COSTCO were done and/or ratified by a managing agent.

## FIRST CLAIM FOR RELIEF

27. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 26 as if fully set forth hereat.

28. Upon information and belief, Defendants WILLIAM MOSHER, JOSHUA STARK, and THOMAS MENDIOLA, engaged in an unreasonable seizure, using excessive and lethal force against Plaintiffs' decedent, Erik B. Scott, depriving him of his liberty and life in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

29. Upon information and belied, Defendant COSTCO actively assisted and participated in the unreasonable seizure by the Defendant officers.

30. Pursuant to 42 USC 1983 and 1988, Plaintiffs are entitled to compensatory and punitive damages, reasonable attorneys' fees and costs against Defendants WILLIAM MOSHER, JOSHUA STARK, THOMAS MENDIOLA, and COSTCO.

## SECOND CLAIM FOR RELIEF

31. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 30 as if fully set forth hereat.

32. Upon information and belief, there have been numerous prior incidents in which METRO officers engaged in unreasonable seizures and the use of excessive, including lethal, force.

33. Upon information and belief, Defendants METRO, GILLESPIE, and CLARK COUNTY were aware of such prior incidents and with deliberate indifference have failed to adequately train, supervise or discipline officers concerning unreasonable seizures and the use of excessive force.

34. Upon information and belief, the failure of Defendants METRO, GILLESPIE, and CLARK COUNTY to adequately train, supervise or discipline officers constituted a de facto policy causing a custom and practice of METRO officers engaging in unreasonable seizures and the use of excessive force.

35. Upon information and belief, the just-noted failures, de facto policy, and custom and practice were a proximate cause of the violation of the Constitutional rights of Erik B. Scott as herein alleged.

36. Pursuant to 42 USC 1983 and 1988, Plaintiffs are entitled to compensatory damages, reasonable attorneys' fees and costs against Defendants METRO, GILLESPIE, and CLARK COUNTY.

### THIRD CLAIM FOR RELIEF

37. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 36 as if fully set forth hereat.

38. Upon information and belief, the actions of Defendants WILLIAM MOSHER, JOSHUA STARK, THOMAS MENDIOLA, in confronting him with their weapons drawn, caused Erik Scott to have reasonable apprehension of immediate bodily harm, constituting the commission of an assault.

39. Upon information and belief, the actions of Defendants WILLIAM MOSHER, JOSHUA STARK, THOMAS MENDIOLA in committing an assault on Erik Scott were done by said Defendants within the course and scope of their employment.

40. Upon information and belief, Defendants METRO and CLARK COUNTY are liable for said assault as employers of Defendants WILLIAM MOSHER, JOSHUA STARK, and THOMAS MENDIOLA.

41. Plaintiffs are entitled to compensatory damages for said assault, against WILLIAM MOSHER, JOSHUA STARK, THOMAS MENDIOLA Defendants METRO and CLARK COUNTY.

## FOURTH CLAIM FOR RELIEF

42. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 41 as if fully set forth hereat.

43. Upon information and belief, the actions of Defendants WILLIAM MOSHER, JOSHUA STARK, and THOMAS MENDIOLA, in shooting and killing Erik B. Scott constituted a battery against him.

44. Upon information and belief, the actions of Defendants WILLIAM MOSHER, JOSHUA STARK, and THOMAS MENDIOLA in committing a battery upon Erik Scott were done by said Defendants within the course and scope of their employment.

45. Upon information and belief, Defendants METRO, and CLARK COUNTY are liable for said battery as employers of Defendants WILLIAM MOSHER, JOSHUA STARK, and THOMAS MENDIOLA.

46. Plaintiffs are entitled to compensatory damages for said battery, against Defendants WILLIAM MOSHER, JOSHUA STARK, THOMAS MENDIOLA, METRO and CLARK COUNTY.

### FIFTH CLAIM FOR RELIEF

47. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 46 as if fully set forth hereat.

48. Upon information and belief, the actions of Defendant COSTCO, by its employees, including but not limited to SHAI LIERLEY, if not knowing and intentional, negligently created a dangerous condition on its premises.

49. Upon information and belief, the actions of Defendant COSTCO, by its employees, including but not limited to SHAI LIERLEY, in creating a dangerous condition were a proximate cause of the wrongful seizure and death of Erik B. Scott.

50. Plaintiffs are entitled to compensatory damages for said negligence against Defendant COSTCO.

### SIXTH CLAIM FOR RELIEF

51. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 50 as if fully set forth hereat.

52. Upon information and belief, Defendant COSTCO, by its employees, including but not limited to SHAI LIERLEY, defamed Erik Scott by falsely stating to others that he had committed a crime and/or that he was acting in a dangerous manner.

53. Upon information and belief, the actions of Defendant COSTCO, by its employees, including but not limited to SHAI LIERLEY, in defaming Erik Scott were a proximate cause of his wrongful seizure and death.

54. Plaintiffs are entitled to compensatory and punitive damages for said negligence against Defendants COSTCO and SHAI LIERLEY.

## SEVENTH CLAIM FOR RELIEF

55. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 54 as if fully set forth hereat.

56. Upon information and belief, the actions of Defendants WILLIAM MOSHER, JOSHUA STARK, and THOMAS MENDIOLA in confronting him with weapons drawn and shooting him were intentional, extreme and outrageous, inflicting upon him severe emotional distress.

57. Upon information and belief, the actions of Defendants WILLIAM MOSHER, JOSHUA STARK, and THOMAS MENDIOLA in inflicting such emotional distress were done by said Defendants within the course and scope of their employment.

58. Upon information and belief, Defendants METRO and CLARK COUNTY are liable for said infliction of emotional distress as employers of Defendants WILLIAM MOSHER, JOSHUA STARK, and THOMAS MENDIOLA.

59. Plaintiffs are entitled to compensatory damages for said infliction of emotional distress against Defendants WILLIAM MOSHER, JOSHUA STARK, THOMAS MENDIOLA, METRO and CLARK COUNTY.

## EIGHTH CLAIM FOR RELIEF

60. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 59 as if fully set forth hereat.

61. Upon information and belief, if and to the extent the actions of Defendants WILLIAM MOSHER, JOSHUA STARK, and THOMAS MENDIOLA in wrongfully seizing and killing Erik Scott were not done intentionally and willfully, said actions were negligently done.

62. Upon information and belief, the negligent actions of Defendants WILLIAM MOSHER, JOSHUA STARK, and THOMAS MENDIOLA were done by said Defendants within the course and scope of their employment.

63. Upon information and belief, Defendants METRO and CLARK COUNTY are liable for said negligence as employers of Defendants WILLIAM MOSHER, JOSHUA STARK, and THOMAS MENDIOLA.

64. Plaintiffs are entitled to compensatory damages for said negligence against Defendants WILLIAM MOSHER, JOSHUA STARK, THOMAS MENDIOLA and METRO, CLARK COUNTY.

## NINTH CLAIM FOR RELIEF

65. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 64 as if fully set forth hereat.

66. Upon information and belief, Defendants METRO, GILLESPIE and CLARK COUNTY were negligent in their hiring, training and/or supervision of police officers, including, but not limited to the Defendant officers named herein.

67. Upon information and belief, said negligence by Defendants METRO, GILLESPIE and CLARK COUNTY was a proximate cause of the wrongful seizure and death of Erik B. Scott.

68. Plaintiffs are entitled to compensatory damages for said negligence against Defendants METRO, GILLESPIE and CLARK COUNTY.

### TENTH CLAIM FOR RELIEF

69. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 68 as if fully set forth hereat.

70. Upon information and belief, Defendant COSTCO was negligent in its hiring, training and/or supervision of its employees.

71. Upon information and belief, said negligence by Defendant COSTCO was a proximate cause of the wrongful seizure and death of Erik B. Scott.

72. Plaintiffs are entitled to compensatory damages for said negligence against Defendant COSTCO.

### ELEVENTH CLAIM FOR RELIEF

73. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 72 as if fully set forth hereat.

74. Upon information and belief, the actions of Defendants as alleged herein caused the wrongful death of Plaintiffs' decedent.

75. Plaintiffs are entitled to compensatory and punitive damages pursuant to NRS 41.085.

WHEREFORE, Plaintiffs request that this Court enter a judgment in their favor and against Defendants, jointly and severally, and award:

1. Compensatory damages according to proof;

2. Special damages according to proof;

3. Punitive damages according to proof;

4. Reasonable attorneys' fees and costs pursuant to all applicable statutes, codes and rules; and according to proof; and

5. Such other and further relief as the Court deems proper.

Dated this 28 day of October, 2010.

GOODMAN LAW GROUP

By: _____
Ross C. Goodman, Esq.
Nevada Bar No. 7722
520 South Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
Attorneys for Plaintiffs