**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

WILLIAM B. SCOTT, individually )   2:10-cv-01900-ECR-PAL
and as Administrator of the )
ESTATE OF ERIK B. SCOTT; LINDA G. )
SCOTT; and KEVIN W. SCOTT )
)
)
)
)
      Plaintiffs, )
)
vs. )                          <u>**Order**</u>
)
LAS VEGAS METROPOLITAN POLICE )
DEPARTMENT; et al. )
)
      Defendants. )
)
_____)

     This case arises out of the shooting and death of Plaintiffs'
decedent, Erik B. Scott, by members of the Las Vegas Metropolitan
Police Department ("LVMPD") at a Costco store in Las Vegas.

     Now pending are (i) Defendant Clark County's motion (#14) to
dismiss; (ii) Defendants Costco and Lierley's motion (#15) to
dismiss; and (iii) Defendant LVMPD's motion (#16) to dismiss.  The
motions are ripe, and we now rule on them.


                    **I. Factual Background**

     Plaintiffs William B. Scott and Linda G. Scott are the mother
and father, and heirs at law, of Erik B. Scott, deceased ("Scott").
(Compl. ¶ 1 (#1).)  Plaintiff William B. Scott is the Administrator
of the Estate of Erik B. Scott (the "Estate"). (<u>Id.</u> ¶ 3.)  Plaintiff

Kevin W. Scott is Scott's brother.  Defendant LVMPD is the merged police department for, and an agency of, Defendant Clark County, Nevada ("Clark County"). (<u>Id.</u> ¶ 4.) Defendant Clark County is a political subdivision of the State of Nevada. (<u>Id.</u> ¶ 7.)  Defendant Douglas C. Gillespie ("Gillespie") was and is the Sheriff of Clark County and the chief commanding officer of the LVMPD. (<u>Id.</u> ¶ 5.) Gillespie was and is the commanding officer of the individual defendant police officers and was responsible for their training, supervision and conduct. (<u>Id.</u>)  Plaintiffs sue Gillespie individually and in his official capacity. (<u>Id.</u>)  Defendants William Mosher, Joshua Stark and Thomas Mendiola were and are duly appointed police officers with the LVMPD (together, the "Police Officer Defendants"). (<u>Id.</u> ¶ 6.)  Defendant Costco Wholesale Corporation ("Costco") is a corporation with a place of business in, and doing business in, Clark County, Nevada. (<u>Id.</u> ¶ 8.)  Defendant Shai Lierley ("Lierley") was and is a resident of Clark County, Nevada, employed by Costco as a security guard. (<u>Id.</u> ¶ 9.)

Plaintiffs assert that, on information and belief, Scott was a customer in a store owned and operated by Defendant Costco in Clark County on July 10, 2010. (<u>Id.</u> ¶ 11.)  They contend that Scott did not engage in any disorderly or other conduct that would indicate that he posed a threat to the safety of any person, but that Defendant Lierley falsely reported to Defendants Costco and LVMPD that Scott did pose a threat to the safety of other persons. (<u>Id.</u> ¶¶ 12-13, 15.)  Plaintiffs allege that, on information and belief, one or more of Defendant Costco's employees, including, but not limited to, Defendant Lierley, ordered a store-wide evacuation. (<u>Id.</u> ¶ 14.)

2

Plaintiffs aver that one or more Costco employees, including, but not limited to, Defendant Lierly, assisted and participated in the LVMPD officers' apprehension and shooting of Scott. (Id. ¶ 16.) According to Plaintiffs, Police Officer Defendants confronted Scott with weapons drawn and, though Scott did not engage in any conduct to indicate that he posed a threat to the safety of the Police Officer Defendants or any other person, the Police Officer Defendants shot Scott multiple times. (Id. ¶¶ 18-19.) Plaintiffs further assert that none of the Police Officer Defendants took any action to prevent, stop, or otherwise intercede in the shooting of Scott. (Id. ¶ 20.) They claim that Scott consciously experienced pain and suffering from being shot and later died from his gunshot wounds. (Id. ¶ 21.)

Defendants' allegations of facts asserted in their opposition cannot be considered by the Court in weighing Defendants' motions (## 14, 15, 16) to dismiss.[1] Nevertheless, we note that for their part, Defendants claim that Scott was observed by Lierley, a Costco Loss Prevention Supervisor, to be acting in a manner that suggested Scott could be shoplifting. (Costco MTD at 2 (#15).) In keeping with Costco policy, Lierley contacted Assistant Warehouse Manager Vince Lopez ("Lopez") and LVMPD on its non-emergency phone number. Id. Lierley observed that Scott was carrying a firearm and told Lopez, who informed Scott that Costco policy prohibited the carrying of firearms. Id. at 3. Lierley informed the LVMPD dispatcher that

---

[1]While we cannot consider Defendants' allegations of facts in making our ruling, we include them here merely in the interest of adding context.

Scott was carrying a firearm. Id.  Defendants assert that Scott "reacted violently, started to swear and acted in a threatening manner," did not move to leave the store, and did not indicate that he would comply with Costco's firearms policy. Id.  Lierley conveyed this information to the LVMPD phone dispatcher. Id.  Upon arrival at the scene, LVMPD ordered an evacuation of the Costco warehouse. Id.  Scott was confronted by LVMPD police officers and, according to witnesses who testified at the inquest, did not comply with LVMPD directives and reached for his weapon. Id.  LVMPD police officers fired seven shots that killed Scott. Id.  During the inquest, it was discovered that Scott was carrying two firearms, for one of which he did not have a concealed weapons permit, and that Scott had narcotics in his system at the time of the incident. Id.

Plaintiffs assert eleven causes of action for: (i) unreasonable seizure and use of excessive and lethal force by Police Officer Defendants in violation of the Fourth and Fourteenth Amendments to the United States Constitution and participation in such unreasonable seizure by Defendant Costco; (ii) violation of Scott's Constitutional rights to freedom from unreasonable seizure and the use of excessive force under color of law pursuant to 42 U.S.C. §§ 1983 and 1988 through the creation of a custom or practice of inadequate training of police officers against Defendants LVMPD, Gillespie and Clark County; (iii) assault by Police Officer Defendants, LVMPD and Clark County; (iv) battery by Police Officer Defendants, LVMPD and Clark County; (v) negligent creation of a dangerous condition that proximately caused the wrongful seizure and death of Scott by Defendants Costco and its employees, including,

but not limited to, Defendant Lierley; (vi) defamation of Scott by Defendant Costco and its employees, including, but not limited to, Defendant Lierley; (vii) intentional infliction of emotional distress on Scott by Police Officer Defendants, LVMPD and Clark County; (viii) negligence in wrongfully seizing and killing Scott by Police Officer Defendants, LVMPD and Clark County; (ix) negligent hiring, training and/or supervision of police officers by LVMPD, Gillespie and Clark County as a proximate cause of the wrongful seizure and death of Scott; (x) negligent hiring, training and/or supervision of employees by Costco as a proximate cause of the wrongful seizure and death of Scott; and (xi) wrongful death of Scott by Defendants.

## II. Procedural Background

Plaintiffs filed their complaint (#1) on October 28, 2010. Summons was issued as to Defendants on October 29, 2010.  Defendants Gillespie, LVMPD, and Police Officer Defendants were served with process on November 1, 2010. (## 5, 7, 8, 9, 10)  Defendants Costco and Lierley were served with process on November 2, 2010. (## 4, 6) Defendant Clark County was served with process on November 3, 2010. (#11) Defendant Clark County filed a motion (#14) to dismiss on November 19, 2010.  Defendants Costco and Lierley filed their motion (#15) to dismiss on November 22, 2010.  Defendants LVMPD, Gillespie and Police Officer Defendants also filed their motion (#16) to dismiss on November 22, 2010.  On December 21, 2010, Plaintiffs filed their response (#19) to Defendant Clark County's motion (#14) to dismiss.  On December 27, 2010, Clark County filed its reply

(#20) to Plaintiffs' response (#19).  On January 6, 2011, Plaintiffs filed a notice (#21) of voluntary dismissal without prejudice as to Defendants Costco and Lierley.  Also on January 6, 2011, Plaintiffs filed a motion (#22) for hearing on Defendant Clark County's motion to dismiss (#14) and Defendant LVMPD's motion (#16) to dismiss.  On January 14, 2011, Plaintiffs filed a response (#23) to Defendant LVMPD's motion (#16) to dismiss.  On January 25, 2011, Defendants LVMPD, Gillespie and the Police Officer Defendants filed a reply (#24) to Plaintiffs' response (#23).  This Court held a hearing on Defendants' motions (## 14, 15, 16) to dismiss on June 1, 2011.

### III. Motion to Dismiss Standard

Courts engage in a two-step analysis in ruling on a motion to dismiss. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).  First, courts accept only non-conclusory allegations as true. <u>Iqbal</u>, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555).  Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u>  Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Id.</u> at 1950.  The Court must draw all reasonable inferences in favor of the plaintiff. <u>See</u> <u>Mohamed v. Jeppesen Dataplan, Inc.</u>, 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the

Court must then determine whether the complaint "states a plausible claim for relief." Iqbal, 129 S. Ct. at 1949. (citing Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557).

### III. Motion for Judgment on the Pleadings Standard

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment "after the pleadings are closed but within such time as not to delay the trial." "A judgment under the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Shilling v. Crawford, 2006 U.S. Dist. LEXIS 40845 (D. Nev. June 13, 2006)(internal citations and quotations omitted); see also Holbrook v. Nevada ex rel. Dep't of Corr., 2007 U.S. Dist. LEXIS 60367 (D. Nev. Aug. 15, 2007). A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be

7

decided by the district court." 5C Wright & Miller, Federal Practice and Procedure § 1367 (3d. Ed. 2004).

Because the motion for judgment on the pleadings was made by Defendants Costco and Lierley, who have been dismissed from this case by a notice (#21) of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a), we do not further consider the applicability of Rule 12(c).

### IV. Defendant Clark County's Motion (#14) to Dismiss

Defendant Clark County moves the Court for dismissal of Plaintiffs' complaint (#1) for failure to state a claim upon which relief can be granted against Clark County. (Clark MTD at 1 (#14).) In its motion (#14) to dismiss (the "Clark MTD"), Defendant Clark County asserts that it is not a proper party to this action because it is not legally liable for the conduct of LVMPD or its employees. Specifically, Defendant Clark County contends that under Nevada Revised Statute § 280.010, LVMPD is a legal entity independent of Clark County, and Clark County is not the employer, supervisor, or disciplinary authority for LVMPD employee officers.

Plaintiffs' complaint (#1) attempts to impute liability to Clark County for the actions of LVMPD and its employees (Compl. ¶¶ 23, 33, 34, 40, 45, 58, 63, 66.)

Pursuant to Nevada Revised Statutes § 280.010, the City of Las Vegas and Clark County merged their law enforcement agencies into the LVMPD. (Clark MTD at 2 (#14).)  This merger was authorized by City and County Ordinances and reauthorized in 1981 in accordance with the 1981 legislative revisions to Nevada Revised Statutes

8

1  Chapter 280.[2]  Nevada Revised Statutes § 280.280(4) provides that

2  LVMPD is subject to suit for, and is responsible for the defense of

3  any claim, and for any judgment arising out of any acts or omissions

4  of the Sheriff or any employee or agent of LVMPD.  Nevada Revised

5  Statutes § 280.307 provides that the Sheriff is responsible for

6  adopting policies, procedures, rules and regulations for the LVMPD.

7  On this basis, Defendant Clark County contends that it maintains no

8  responsibility for the actions of LVMPD and its employees pursuant

9  to Nevada Revised Statutes Chapter 280.

10      Plaintiffs contend that their claim against Defendant Clark

11  County is not based on a theory of respondeat superior, but that

12  Clark County's policies and practices, separate from LVMPD, have

13  conveyed to LVMPD officers that Clark County's policy is to condone

14  unlawful conduct and that Clark County will assist officers in

15  avoiding accountability for their actions. (P.'s Resp. to Clark MTD

16  at 2 (#19).)  Plaintiffs assert that LVMPD fulfills Clark County's

17  non-delegable responsibilities imposed by the Nevada Constitution in

18  functioning as Clark County's law enforcement agency. (Id.)

19      Additionally, Plaintiffs argue that the fact that LVMPD is an

20  entity subject to suit does not insulate the County from

21  accountability with respect to oversight of law enforcement

22  activities. (Id.)  Plaintiffs asserted at the June 1, 2011 hearing

23  that pursuant to Nevada Revised Statutes §§ 280.130, 289.387 and

24  259.050, of which we take judicial notice, Clark County is

25  sufficiently involved in setting the policies for LVMPD to be held

26  _____

27      [2] Clark County Ordinance Chapter 2.60; City of Las Vegas Code of
    Ordinances Chapter 2.24.

28                                  9

1  liable for the training and supervision policies set by LVMPD.
2  Plaintiffs note that pursuant to Nevada Revised Statutes § 280.130,
3  Clark County sends two representatives to the Metropolitan Police
4  Committee on Fiscal Affairs.  They further note that Clark County
5  participates in the LVMPD review board which reviews complaints
6  pursuant to Nevada Revised Statutes § 289.387.  Finally, Plaintiffs
7  point out that the coroner's review board established by Nevada
8  Revised Statutes § 259.050 contemplates a joint investigation
9  between the Clark County coroner, the district attorney, and the
10 sheriff, if the sheriff is not ex officio the coroner.

11      The United States Supreme Court has held that a county will be
12 subject to liability under 42 U.S.C. § 1983 if "its policies,
13 whether set by the government's lawmakers or by those whose edicts
14 or acts that may fairly be said to represent official policy caused
15 the particular constitutional violation at issue." McMillian v.
16 Monrow, 520 U.S. 781 (1997)(internal citation omitted).

17      This Court has held, and the Ninth Circuit Court of Appeals has
18 affirmed, that Clark County is not a proper party to a wrongful
19 death action under 42 U.S.C. § 1983 because Clark County's "only
20 control over the LVMPD is budgetary supervision through the police
21 commission." Palm v. Las Vegas Metro. Police Dep't, 1998 U.S. App.
22 LEXIS 7939 at *3 (9th Cir. 1998)(citing Nev. Rev. Stat. § 280.190-
23 270). See also Denson v. Clark County, 2010 U.S. Dist. LEXIS 89677
24 (D. Nev. Aug. 4, 2010).  We find that the ties between Clark County
25 and LVMPD noted by Plaintiffs as set forth in Nevada Revised
26 Statutes §§ 280.130, 289.387 and 259.050 are insufficient to
27 overcome a finding that LVMPD and Clark County are separate

28                              10

entities, and the policies of Clark County cannot be said to be the moving force behind the actions of LVMPD. Id. (citing NEV. REV. STAT. § 280.280).  As such, Clark County cannot be held liable for the actions or policies of LVMPD. Id.  Defendant Clark County will, therefore, be dismissed from the case.

**V. Defendants Costco and Lierley's Motion (#15) to Dismiss**

Defendants Costco and Lierley moved to dismiss Plaintiffs' First, Fifth, Sixth, Tenth and Eleventh causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). (Costco MTD at 1-2 (#15).)

On January 6, 2011, Plaintiffs filed a notice (#21) of voluntary dismissal without prejudice as to Defendants Costco and Lierley pursuant to Federal Rule of Civil Procedure 41(a).  The motion (#15) to dismiss filed by Defendants Costco and Lierley will, therefore, be denied as moot.

**VI. Defendants LVMPD, Gillespie and Police Officer Defendants' Motion (#16) to Dismiss**

In their motion (#16) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "LVMPD MTD"), Defendants LVMPD, Gillespie and the Police Officer Defendants (together, the "LVMPD Defendants") move the Court to dismiss: (i) all claims brought by Kevin W. Scott; (ii) all claims brought under Nevada's survival statute that are properly asserted under Nevada's wrongful death statute; (iii) all claims against Defendant Gillespie; (iv) Plaintiffs' federal "Monell" claim against Defendant LVMPD; and (v) Plaintiffs' state law negligent hiring, training and supervision

claim, if the Court declines to dismiss the survival claims.  The LVMPD Defendants concede that Plaintiffs' federal excessive force claim in their first cause of action and state wrongful death claim in their eleventh cause of action would survive a motion to dismiss with respect to the parties with legal standing. (LVMPD MTD at 3 (#16).)

A. Claims Brought by Kevin W. Scott

As alleged in the complaint (#1), Kevin W. Scott ("Plaintiff Kevin") is the brother and heir of Scott. (Compl. ¶ 3 (#1).)  The LVMPD Defendants request dismissal of all of Plaintiff Kevin's claims for lack of standing because Plaintiff Kevin is neither Scott's legal heir nor the Estate's administrator. (LVMPD MTD at 5 (#16).)  At the hearing on June 1, 2011, Plaintiffs voluntarily dismissed Plaintiff Kevin from the case.  We therefore do not further consider the validity of the claims brought by Plaintiff Kevin.

B. Plaintiffs' Assault and Battery Claims Brought Under Nevada's Survival Statute Are Properly Asserted Under Nevada's Wrongful Death Statute. Plaintiffs' state law tort claims for emotional distress, negligence, and negligent hiring, training and supervision are properly asserted under Nevada's survival statute by Plaintiff William B. Scott as the Administrator Scott's estate.

Plaintiffs assert the following survival claims against the LVMPD Defendants under state law: (i) assault, in the third cause of action; (ii) battery, in the fourth cause of action; (iii) intentional infliction of emotional distress, in the seventh cause of action; (iv) negligence, in the eighth cause of action; and (v)

negligent hiring, training and supervision, in the ninth cause of action.  In addition, Plaintiffs assert a wrongful death claim against the LVMPD Defendants in their eleventh cause of action.

Nevada's wrongful death statute provides an independent cause of action for the heirs and personal representatives of a decedent whose death is caused by the wrongful act or neglect of another. NEV. REV. STAT. § 41.085.  Under this statute, both the decedent's heirs and representatives may maintain a cause of action.  A decedent's heirs may seek damages for the wrong done to them through the decedent's death, in the form of grief or sorrow, loss of probable support, companionship, society, comfort and consortium, as well as damages for the pain, suffering or disfigurement of the decedent. NEV. REV. STAT. § 41.085(5).  The administrator may seek any special damages, such as medical expenses, which the decedent incurred or sustained before his death; funeral expenses; and any penalties that the decedent would have recovered if he had lived; but not damages for pain, suffering, or disfigurement of the decedent. NEV. REV. STAT. § 41.085(5).

Claims under Nevada's survival of action statute are separate and different from wrongful death claims.  Nevada Revised Statutes § 41.100 provides that no cause of action is lost by reason of the death of any person, and such causes of action may be maintained by the decedent's executor or administrator.  Thus, any claims brought under Nevada Revised Statutes § 41.100 must be brought by Plaintiff William B. Scott as Administrator of Scott's estate, and may not be brought by Plaintiff Linda G. Scott as one of Scott's heirs at law.  The statute specifically provides that this section does not apply

13

to the cause of action of a decedent brought by the decedent's personal representatives for the decedent's wrongful death. NEV. REV. STAT. § 41.100(3). Nevada's survival of action statute provides that a cause of action in favor of an injured party for personal injury will abate when such personal injury results in death. Borrego v. Stauffer Chemical Co., 315 F. Supp. 980, 982 (D. Nev. 1970).

LVMPD Defendants claim that Plaintiffs' claims under Nevada's survival statute are properly asserted under Nevada's wrongful death statute, citing Alsenz v. Clark County Sch. Dist., 864 P.2d 285, 285 (Nev. 1993). (LVMPD MTD at 9-11 (#16).) LVMPD Defendants' reliance on Alsenz is misplaced. Alsenz held that a wrongful death claim may not be brought under Nevada's survival statute, not that claims under the survival statute must be consolidated under the wrongful death statute. Alsenz, 864 P.2d at 288. While an administrator or heir may not recover for the same injury under both statutes, separate claims may be brought under both Nevada's wrongful death and survival statutes.

Here, under Borrego, Plaintiffs' claims for assault and battery would merge with their wrongful death claim because the assault and battery caused Scott's death. Plaintiffs' claims for intentional infliction of emotional distress, negligence, and negligent hiring, training and supervision, however, would survive as separate claims. There would be no risk of double recovery on the part of the Estate and heirs with respect to these claims. Therefore, Plaintiffs' state law tort claims for emotional distress, negligence, and negligent hiring, training and supervision are properly asserted

14

under Nevada's survival statute by Plaintiff William B. Scott as the
Administrator Scott's estate.

C. Claims Against Defendant Gillespie.

The complaint (#1) indicates that Plaintiffs are suing
Defendant Gillespie in his official and individual capacities.  The
LVMPD Defendants claim (i) that a suit against Gillespie in his
official capacity is really a suit against LVMPD and is, therefore,
duplicative; and (ii) that Plaintiffs' complaint is void of facts
suggesting individual liability on behalf of Gillespie.

i. Plaintiffs' Claims Against Gillespie in His Official
Capacity.

Plaintiffs assert claims against Gillespie based on his conduct
in matters underlying the claims for Monell supervisory liability,
negligent supervision and discipline, and wrongful death. (P.'s
Resp. to LVMPD MTD at 7 (#23).)  LVMPD Defendants assert that
Plaintiffs' claims against Gillespie in his official capacity are,
in fact, claims against LVMPD and should therefore be dismissed as
duplicative. (LVMPD MTD at 11-12 (#16).)  We agree.

Defendants correctly state that "a suit against a governmental
official in his official capacity is equivalent to a suit against
the governmental entity itself." Larez v. Los Angeles, 946 F.2d 630,
645 (9th Cir. 1991).  The real party in such suits is the entity and
it is the entity that will be responsible for any damages. Ward v.
City of Sparks, 2011 U.S. Dist. LEXIS 13215 at *12 (D. Nev. Jan. 12,
2011).  Indeed, the United States Supreme Court has held that
"[t]here is no longer a need to bring official-capacity actions
against local government officials, for under Monell...local

15

government units can be sued directly for damages and injunctive or declaratory relief." <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n. 14 (1985).  Where both the public entity and a municipal officer are named in a lawsuit, a court may dismiss the individual named in his official capacity as a redundant defendant.  <u>Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff's Department</u>, 533 F.3d 780, 799 (9th Cir. 1986). <u>See also</u> <u>George v. Sonoma County Sheriff's Dep't</u>, 2010 U.S. Dist. LEXIS 111193 at *67-68 (N.D. Cal. Oct. 19, 2010); <u>Pombrio v. Villaraigosa</u>, 2010 U.S. Dist. LEXIS 110504 at *13-14 (C.D. Cal. Oct. 15, 2010).

Plaintiffs' claims against Gillespie in his official capacity are duplicative of their claims against LVMPD because a suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself.  We therefore find that Plaintiffs' claims with respect to Gillespie's liability in his official capacity will not survive LVMPD Defendants' motion (#16) to dismiss.

ii. <u>Plaintiffs' Claims Against Gillespie in His Individual Capacity Under 42 U.S.C. § 1983</u>.

A supervisor may be sued in his individual capacity under 42 U.S.C. § 1983 "for his 'own culpable action or inaction in the training, supervision, or control of his subordinates'" <u>Id.</u>(quoting <u>Clay v. Conlee</u>, 815 F.2d 1164, 1170 (8th Cir. 1987)); for his "'acquiesce[nce] in the constitutional deprivations of which [the] complaint is made'" <u>Larez</u>, 946 F.2d at 646 (quoting <u>Meade v. Grubbs</u>, 841 F.2d 1512, 1528 (10th Cir. 1988)(citation omitted)); or for conduct that shows a "'reckless or callous indifference to the

rights of others.'" <u>Larez</u>, 946 F.2d at 646 (quoting <u>Bordanaro v. McLeod</u>, 871 F.2d 1151, 1163 (1st Cir. 1989)).  Supervisory liability is individual liability, based on the supervisor's personal responsibility for the constitutional violation, and does not require any proof of official policy or custom as the "moving force." <u>City of Oklahoma v. Tuttle</u>, 471 U.S. 808 (1985).

In <u>Larez</u>, the Ninth Circuit Court of Appeals held with respect to an action under 42 U.S.C. § 1983 that while a sheriff is rarely directly and personally involved in an incident in the same way as are the individual officers "who are on the scene inflicting constitutional injury . . . this does not prevent a supervisor from being held liable in his individual capacity." <u>Larez</u>, 946 F.2d at 645.

Here, Plaintiffs allege that Gillespie was personally aware of numerous prior incidents in which LVMPD officers engaged in unreasonable seizures and the use of excessive force, and with such awareness, failed to properly supervise and discipline officers. (Compl. ¶ 33 (#1).)  Viewing the allegations in Plaintiffs' complaint (#1) in the light most favorable to Plaintiffs at the motion to dismiss stage, we find that Plaintiffs' claims with respect to Gillespie's individual liability will survive the LVMPD Defendants' motion (#16) to dismiss.

D. Plaintiffs' federal "Monell" claim against Defendant LVMPD.

Plaintiffs allege a "<u>Monell</u>" claim against LVMPD, a municipality, in their second cause of action, claiming that LVMPD's failure to adequately train, supervise or discipline officers constituted a de facto policy causing a custom and practice of LVMPD

1  officers engaging in unreasonable seizures and the excessive use of
2  force.

3       In _Monell v. Dept. of Social Services_, the United States
4  Supreme Court authorized suits against municipalities under 42
5  U.S.C. § 1983 in limited circumstances. 436 U.S. 658, 690-91 (1978).
6  Specifically, the _Monell_ Court held that when a municipal policy is
7  the cause of the unconstitutional actions taken by municipal
8  employees, the municipality will itself be liable.  Such municipal
9  liability exists only (i) where the unconstitutional action
10 "implements or executes a policy statement, ordinance, regulation or
11 decision officially adopted and promulgated" by municipal officers,
12 or (ii) where the constitutional deprivation is inflicted pursuant
13 to governmental "custom," even though such a "custom" has not
14 received formal approval. _Monell_, 436 U.S. at 690-691.  In this
15 context, "custom" is defined as "persistent and widespread
16 discriminatory practices by state officials." _Id._ at 691(citing
17 _Adickes v. S.H. Dress & Co._, 398 U.S. 144, 167-68 (1970)).

18      In summary, to establish municipal liability under 42 U.S.C. §
19 1983, Plaintiffs must show (i) a violation of Plaintiffs'
20 constitutional rights; (ii) that Defendant's actions were taken
21 under color of law; (iii) that Defendant's actions were taken
22 pursuant to a plan, policy or custom of the entity; and (iv) that
23 the policy or custom was the actual cause or moving force behind the
24 alleged deprivation. _See_ _City of Canton v. Harris_, 489 U.S. 378
25 (1989); _West v. Atkins_, 487 U.S. 42 (1988); _Kentucky v. Graham_, 473
26 U.S. 159, 165 (1985); _Davis v. City of Ellenberg_, 869 F.2d 1230 (9th
27 Cir. 1989).

28

Previously, the Ninth Circuit Court of Appeals ruled that a claim for municipal liability under 42 U.S.C. § 1983 is sufficient to withstand a motion to dismiss even if the claim is based on "nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom or practice. Karim-Panachi v. Los Angeles Dept., 839 F.2d 621, 624 (9th Cir. 1988)(internal quotation marks and citation omitted).  However, several United States District Courts within the Ninth Circuit, including this Court, have noted that since the Karim-Panachi decision, Twombly and Iqbal have indicated that conclusory allegations that merely recite the elements of a claim are insufficient to survive a motion under Federal Rule of Civil procedure 12(b)(6).  Ward v. Nevada, 2010 U.S. Dist. LEXIS 44149 at *16-17 (D. Nev. Feb. 26, 2010) See also Warner v. County of San Diego, 2011 U.S. Dist. LEXIS 14312 at *10-11 (S.D. Cal. Feb. 14, 2011); Morgan v. Los Angeles County Jail, 2010 U.S. Dist. LEXIS 24116 at *4 (C.D. Cal. Mar. 10, 2010); Shivers v. Phoenix Police Dept., 2010 U.S. Dist. LEXIS 24116 at *3 (D. Ariz. Mar. 4, 2010).

LVMPD Defendants allege that Plaintiffs' Monell claim against LVMPD "stops short of the line between possibility and plausibility" with respect to municipal liability under 42 U.S.C. § 1983 and must, therefore, be dismissed. (LVMPD MTD at 16 (#16).)  We disagree. Plaintiffs' claim that LVMPD's failure to adequately train, supervise or discipline officers constituted a de facto policy causing a custom and practice of LVMPD officers engaging in unreasonable seizures and the excessive use of force is sufficient to survive a motion to dismiss because Plaintiffs allege facts

indicating that LVMPD was aware of previous incidents involving LVMPD officers constituting the excessive use of force that should have alerted LVMPD to the need for further training of its officers. (P.'s Resp. to LVMPD MTD at 8 (#23).)  These facts are relevant to determining whether LVMPD's conduct was persistent and widespread enough to constitute a "custom" for purposes of 42 U.S.C. § 1983.

We therefore find that Plaintiffs have sufficiently alleged a Monell claim against Defendant LVMPD.

E. Plaintiffs' state law negligent hiring, training and supervision claim.

In their ninth cause of action, Plaintiffs allege that Defendant LVMPD was "negligent in [its] hiring, training and/or supervision of its police officers" under Nevada state law. (Compl. ¶ 66 (#1).)

Nevada Revised Statutes § 41.032 sets forth exceptions to Nevada's general waiver of sovereign immunity.  Specifically, Nevada Revised Statutes § 41.032(2) provides that no action may be brought against a state officer or employee or any state agency or political subdivision that is "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer, employee, or immune contractor of any of these, whether or not the discretion involved is abused."

Nevada uses a two-pronged test to determine whether immunity for a discretionary act applies.  First, an act is entitled to discretionary immunity if the decision involved an element of individual judgment or choice. Martinez v. Maruszczak, 168 P.3d 720,

729 (Nev. 2007).  Second, the judgment must be "of the kind that the discretionary function exception was designed to shield," including actions "based on considerations of social, economic or political policy." Id. at 727-29 (internal quotations omitted).  Therefore, "if the injury-producing conduct is an integral part of governmental policy-making or planning, if the imposition of liability might jeopardize the quality of the governmental process, or if the legislative or executive branches' power or responsibility will be usurped, immunity will likely attach under the second criteria." Id. at 729.

Nevada courts look to federal case law under the Federal Tort Claims Act for guidance with respect to discretionary immunity. Id. at 727-28.  Defendants correctly indicate that with respect to the Federal Tort Claims Act, the Ninth Circuit Court of Appeals has held that "decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield." Vickers v. United States, 228 F.3d 944, 950 (9th Cir. 2000). See also Gager v. United States, 149 F.3d 918, 921 (9th Cir. 1998).  While such decisions may usually involve policy judgments intended to be subject to discretionary immunity, we find that a failure by the LVMPD to adequately train its officers with respect to unlawful seizures and the use of excessive force does not involve a policy judgment deserving of discretionary immunity.

Applying the two-pronged test, we first consider whether the alleged failure to adequately train LVMPD officers involved an element of individual judgment or choice. Martinez, 168 P.3d at 729.

While a ruling on a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) is based only on the sufficiency of the plaintiff's allegations, we note that neither Plaintiffs nor Defendants have argued that LVMPD has a policy regarding training officers with respect to unlawful seizures and the use of excessive force.  In the absence of any statute, regulation or policy requiring such training, a decision not to train LVMPD officers plainly involves judgment or choice. Gager, 149 F.3d at 920. Further, even if such a policy does exist, a decision to deviate from the policy would likewise involve judgment or choice on behalf of the LVMPD.  As such, we find that the alleged failure to adequately train LVMPD officers satisfies the first prong of the discretionary immunity test.

We then consider whether the alleged failure to train was "in furtherance of public policy goals" (United States v. Gaubert, 499 U.S. 315, 334 (1991)) and "based on considerations of social, economic or political policy." Martinez, 168 P.3d at 727-29.  The prevention of constitutional rights violations by police officers is surely a public policy goal, and this Court cannot conceive of any social, economic or political policy that would be furthered by a failure to prevent such violations.  Further, the injury-producing conduct here cannot be found to be an integral part of governmental policy-making or planning. Martinez, 168 P.3d at 729.  The imposition of liability here would not jeopardize the quality of the governmental process, but rather, should improve the quality of said process. Id.  Finally, the legislative or executive branches' power

or responsibility would not be usurped by a finding of liability here. Id.

As such, while courts may often grant discretionary immunity to a state agency or political subdivision with respect to its hiring, training and supervising decisions, we find that in this instance, LVMPD's alleged failure to adequately train its officers is not based on a policy judgment of the type discretionary immunity is intended to protect. Plaintiffs' ninth cause of action will, therefore, not be dismissed.

### **VII. Conclusion**

Plaintiffs allege eleven causes of action against Defendants Clark County, Costco, Lierley, LVMPD and Police Officer Defendants in relation to the shooting of Erik B. Scott at a Costco store in Las Vegas, Nevada on July 10, 2010. Defendants Costco and Lierley were voluntarily dismissed from the case pursuant to Federal Rule of Civil Procedure 41(a) by Plaintiffs (#21) on January 6, 2011. Defendants have submitted three motions (## 14, 15, 16) to dismiss. Plaintiffs filed a Notice of Voluntary Dismissal (#21) without prejudice as to Defendants Costco and Lierley pursuant to Federal Rule of Civil Procedure 41(a) on January 6, 2011.

In its motion (#14) to dismiss, Defendant Clark County asserts that it is not a proper party to this action because it is not legally liable for the conduct of LVMPD or its employees. We agree.

In their motion (#16) to dismiss, LVMPD Defendants move the Court pursuant to dismiss: (i) all claims brought by Kevin W. Scott; (ii) all claims brought under Nevada's survival statute that are

23

properly asserted under Nevada's wrongful death statute; (iii) all claims against Defendant Gillespie; (iv) Plaintiffs' federal "Monell" claim against Defendant LVMPD; and (v) Plaintiffs' state law negligent hiring, training and supervision claim, if the Court declines to dismiss the survival claims.  We have found that Kevin W. Scott does not have standing to bring either federal or state law claims in this case.  Plaintiffs' claims were correctly brought under Nevada's survival statute and need not have been consolidated under Nevada's wrongful death statute.  Plaintiffs' claims were properly brought against Defendant Gillespie in his individual capacity.  Their claims against Defendant Gillespie in his official capacity, however, are duplicative of their claims against LVMPD and should therefore be dismissed.  Finally, Plaintiffs' Monell claim against LVMPD and their state law negligent hiring, training and supervision claim against LVMPD and Gillespie were properly asserted.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant Clark County's motion (#14) to dismiss is **GRANTED** and that Defendant Clark County is dismissed from this case.

**IT IS FURTHER ORDERED** that Defendants' Costco and Lierley's motion (#15) to dismiss is **DENIED** as moot.  Said Defendants have been dismissed entirely from the action by Plaintiffs (#21) pursuant to Federal Rule of Civil Procedure 41(a)(1).

**IT IS FURTHER ORDERED** that LVMPD Defendants' motion (#16) to dismiss is **GRANTED** as to all claims brought by Kevin W. Scott.

**IT IS FURTHER ORDERED** that LVMPD Defendants' motion (#16) to dismiss is **GRANTED** as to Plaintiffs' state law claims for assault

24

and battery because these claims merge with Plaintiffs' wrongful death claim.

     **IT IS FURTHER ORDERED** that LVMPD Defendants' motion (#16) to dismiss is <u>**GRANTED**</u> as to all claims against Defendant Gillespie in his official capacity.

     **IT IS FURTHER ORDERED** that except as stated above, LVMPD Defendants' motion (#16) to dismiss is <u>**DENIED**</u>.

DATED: June 8, 2011.

_____
UNITED STATES DISTRICT JUDGE