# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM B. SCOTT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:10-cv-01900-ECR-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LAS VEGAS METROPOLITAN POLICE ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendant(s). ) | |

The court conducted a hearing on the parties' proposed Discovery Plan and Scheduling Order (Dkt. #32) filed August 1, 2011. Brad Myers appeared on behalf of the Plaintiffs, and Craig Anderson appeared on behalf of the Defendants.

The Complaint (Dkt. #1) in this case was filed October 28, 2010. Plaintiffs William B. Scott and Linda G. Scott are the parents and heirs of Erik B. Scott, deceased. Plaintiff William B. Scott is also the Administrator of the Estate of Erik B. Scott. Kevin W. Scott is the decedent's brother. The Complaint alleges various claims against the Defendants arising out of the shooting and death of decedent Erik Scott at a Costco store in Las Vegas, Nevada, on July 10, 2010. The first Defendant to make an appearance was Clark County that filed a Motion to Dismiss (Dkt. #14) on November 19, 2010. Defendants Costco and Lierley were voluntarily dismissed on January 6, 2011. See Notice of Voluntary Dismissal (Dkt. #21).

On June 8, 2011, the District Judge entered an Order (Dkt. #27) deciding a number of motions to dismiss filed by the various Defendants. The order: (1) dismissed all claims against Clark County; (2) denied Defendants' Costco and Lierley's motion to dismiss as moot; (3) granted Defendant LVMPD's motion to dismiss all claims brought by Kevin W. Scott; (4) granted LVMPD's motion to dismiss Plaintiff's state law claims for assault and battery; (5) granted LVMPD's motion to dismiss all

claims against Defendant Gillespie in his official capacity; and (6) denied Defendant LVMPD's motion to dismiss in all other respects.

Defendants Gillespie, Mosher, Stark, Mendiola and LVMPD filed an Answer (Dkt. #28) and Demand for Jury Trial (Dkt. #29) on June 17, 2011.  The parties submitted their proposed Discovery Plan and Scheduling Order August 1, 2011.  The plan, which does not comply with the requirements of LR 26-1(e) requests a July 5, 2012 discovery cutoff, or one year measured from the date the parties conducted their Rule 26(f) conference.  The court set the matter for hearing because the parties have requested substantially longer than the amount of time deemed presumptively reasonable, and because the parties did not provide reasons why the additional time was requested, nor a detailed description of the discovery that is required.

At the hearing, Brad Myers appeared for Ross Goodman who was in trial.  Mr. Myers indicated that the parties had requested the July 2012 discovery cutoff because the initial disclosures indicate there are approximately 91 law enforcement officers involved in the shooting and follow-up investigation, 16 Costco employees have been listed as witnesses, and an additional 29 percipient witnesses have been listed by the parties.  More than 1,500 pages of discovery have been exchanged.  Plaintiffs have contacted, but not yet retained, experts in the field of use of force, toxicology and pharmacology, and damages.  Mr. Myers did not know if the parties had discussed entering into a stipulation to take more than ten depositions.  Counsel for the Defendants indicated there are approximately forty eyewitnesses to the shooting involved in this Complaint, and agreed that both sides would need to take more than ten depositions per side.  However, counsel had not yet discussed the number of depositions needed, or reached an agreement.  The Defendants have retained experts.  Neither side has initiated any written or deposition discovery.

Having reviewed and considered the matter, the court advised counsel that their proposed plan would be approved.  However, the court required counsel to initiate written discovery and to meet and confer in an attempt to reach an agreement concerning the number of depositions, excluding experts, that should be taken.  The court also advised counsel that, although the additional time would be allowed, the parties must diligently pursue discovery, and that any request for an extension of the Discovery Plan and Scheduling Order deadlines will be strictly scrutinized.  While the court expects the

parties to be professionally courteous and accommodate reasonable requests for minor adjustments to the deadlines if necessary, any request for an extension shall be supported by a showing a good cause and establish that the parties could not meet the deadlines despite the exercise of due diligence.

**IT IS ORDERED** that:

1. The parties shall have until **August 23, 2011,** to meet and confer in a good-faith effort to resolve the number of depositions each side will be permitted to take, and shall reduce their agreement to a stipulation and proposed order.  If the parties are unable to agree, they shall have until **August 23, 2011**, to submit a **Joint** Status Report, stating their respective positions with sufficient specificity to enable the court to resolve their dispute.
2. The parties shall have until **August 23, 2011**, to initiate written discovery.
3. Any application to extend any date set by the Discovery Plan and Scheduling Order must satisfy the requirements of LR 6-1, be supported by a showing of good cause, and be filed twenty days before the expiration of the deadline.  The application shall also strictly comply with the requirements of LR 26-4.

Dated this 9th day of August, 2011.

_____
Peggy A. Leen
United States Magistrate Judge