# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIAM B. SCOTT, *et al.*, | ) | |
| Plaintiffs, | ) | Case No. 2:10-cv-01900-ECR-PAL |
| vs. | ) | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | ) | |
| Defendants. | ) | |

The court conducted a status and scheduling conference with counsel for the parties on September 20, 2011. Ross Goodman and Brad Myers appeared on behalf of the Plaintiffs, and Craig Anderson appeared on behalf of the Defendants. The parties submitted a Joint Status Report (Dkt. #51) outlining the discovery each side reasonably believes will be required to prepare this case for trial.

At the hearing, the court heard from counsel for both sides. Counsel are in agreement that they should work cooperatively to narrow the number of depositions required in this case. Counsel feared they had a disagreement concerning the number of Rule 30(b)(6) ("PMK") depositions Plaintiffs intend to take of the Defendants. Defense counsel assured the court and opposing counsel that he would cooperate in preparing and making available appropriate witnesses. However, Defendants' counsel objects to allowing Plaintiffs' counsel unfettered access to an unlimited number of LVMPD witnesses.

The parties have exchanged their initial disclosures, and have identified more than 60 percipient lay witnesses and approximately 100 LVMPD witnesses involved in the investigation in this case. Neither side intends to take the depositions of all individuals identified in discovery. Both sides committed to working cooperatively to accomplish the goal of Rule 1 of the Federal Rules of Civil Procedure, to secure the just, speedy and inexpensive resolution of this case.

///

Having reviewed and considered the matter, the court will not impose an arbitrary limit on the number of depositions each side may take. The court expects counsel for the parties to work cooperatively and to meet and confer in a good-faith effort to identify core depositions needed, and to define the scope of Rule 30(b)(6) deposition testimony required. The court also advised counsel that the court preferred to resolve routine discovery disputes, if any, without the necessity for formal briefing. The court encouraged counsel to jointly apply to the court for discovery dispute resolution conferences during depositions if needed, and to request discovery dispute resolution conferences with the court on routine, discretionary decisions. When possible, the court will review and decide the parties' routine discovery disputes based on joint status reports articulating their respective positions without the necessity of formal briefing.

**IT IS SO ORDERE**D

Dated this 21st day of September, 2011

_____
Peggy A. Leen
United States Magistrate Judge